**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2298
_____

UNITED STATES OF AMERICA,

v.

GREGORY JOHN SCHAFFER,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2:13-cr-00183-001)
District Judge: Hon. Jose L. Linares
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 12, 2019
_____

Before: MCKEE, PORTER, and ROTH, <u>Circuit Judges</u>.

(Filed: June 24, 2019)

_____

OPINION[*]
_____

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Gregory John Schaffer appeals his conviction for producing and possessing child pornography. Schaffer sexually abused two minor children in locations including his house, his office, and hotel rooms. He took pictures and appeared in videos of the assaults found on his laptop and external hard drive.[1] Schaffer was charged with and convicted of two counts of production of child pornography[2] and one count of possession of child pornography.[3] He was sentenced to 480 months' imprisonment.[4]

## I[5]

On appeal, Schaffer argues that the District Court erred in denying his motion to suppress images retrieved from his computer and external hard drive (collectively, the computer evidence). He also argues that the District Court erred in denying his motion for a judgment of acquittal under Fed. R. Crim. P. 29(a).

### A. MOTION TO SUPPRESS

Schaffer argues that the computer evidence should have been excluded because the government inexplicably lost his laptop, and that this loss was compounded by technical irregularities regarding the Government's forensic examination. He claims that the inability of Schaffer's expert to examine the laptop abridged Schaffer's Constitutional

---

[1] The computer and hard drive contained at least five sexually explicit videos of Schaffer's victims, nude photographs of one victim, and at least 85 other videos of underage boys and girls engaged in sexual activity. The government states that the 85 videos were the equivalent of 6,375 images of child sexual exploitation.

[2] 18 U.S.C. § 2251(a).

[3] 18 U.S.C. § 2252A(a)(5)(B).

[4] This sentence was within the Guidelines range of 960 months. Schaffer does not contest his sentence on appeal.

[5] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

rights to due process of law, confrontation, and the opportunity to present a meaningful defense.

We disagree. First, the computer evidence was preserved by an "exact copy," a forensic image prepared by a federal digital forensics expert before the expert's examination of the computer's contents. Second, even assuming that the forensic image did not afford Schaffer the equivalent level of information that the actual hard drive would have provided, Schaffer's due process claim still fails. Although loss or destruction of evidence may constitute a due process violation,[6] "[a] defendant who claims destroyed evidence might have proved exculpatory . . . has to show the [government's] bad faith in ordering or permitting its destruction. Without a showing of bad faith, failure to preserve evidence that might be of use to a criminal defendant . . . is not a denial of due process."[7] To prove bad faith, there must be a "showing that the Government intentionally [acted] to gain some tactical advantage over [the defendant] . . . ."[8] We review for clear error the District Court's finding that the government did not act in bad faith.[9]

---

[6] *California v. Trombetta*, 467 U.S. 479, 489 (1984) ("[E]vidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.").

[7] *United States v. Deaner*, 1 F.3d 192, 200 (3d Cir. 1993) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

[8] *Youngblood*, 488 U.S. at 57 (quoting *United States v. Marion*, 404 U.S. 307, 325 (1971)).

[9] *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977 (9th Cir. 2015).

Schaffer fails to demonstrate that the government acted in bad faith.  The unfortunate misplacement of Schaffer's laptop does not constitute an intentional act to gain a tactical advantage over Schaffer.  Indeed, Schaffer himself told the District Court he "d[id] not question the veracity of the[] [government's sworn] statements" about the loss of the laptop, and that "it is clear that the government did not act in 'bad faith' when it lost the laptop."[10]

This concession by Schaffer is supported by the government's three sworn statements from the principal individuals who handled Schaffer's laptop between the time it was examined and his trial.  Neither the agents who investigated Schaffer nor the Assistant U.S. Attorneys in New Jersey who prosecuted him had control over the laptop when it disappeared.  There was no animus toward Schafer.  Furthermore, it was "highly likely that all relevant evidence was preserved in the forensic images of the hard drive[]."[11]  The government gained no tactical advantage by losing a laptop that had no exculpatory value.  The District Court therefore did not err in denying Schaffer's motion to suppress the computer evidence.

### B.  MOTION FOR ACQUITTAL

Schaffer next contends that the District Court erred by denying his motion for a judgment of acquittal related to the production charges because there was no evidence he transferred images from a recording device to the computer or hard drive.  We exercise

---

[10] Supp. App. 102.

[11] *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010).

plenary review over an appeal for a grant of a judgment of acquittal.[12] The dispositive question for any claim regarding the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[13]

When ruling on the motion, the District Court identified five pieces of evidence that the government could present to lead a reasonable jury to conclude Schaffer created the videos and images and then placed them on his laptop and hard drive. That evidence was that (1) the sexually explicit videos of his victims were found on Schaffer's laptop, (2) Schaffer's laptop contained copies of the sexually explicit videos of one of his victims that also existed on Schaffer's desktop computer, (3) the sexually explicit photographs that Schaffer took of one of his victims were found on Schaffer's laptop, (4) Schaffer's hard drive contained the sexually explicit videos of his victims, along with the sexually explicit photographs of one of his victims, and (5) a federal investigator testified that the sexually explicit videos of both victims, along with the sexually explicit photographs of one victim, among other files, were backed up from Schaffer's laptop to Schaffer's hard drive in May 2012, before investigators seized the laptop and desktop.

Schaffer concedes that he took the images and participated in the inappropriate encounters with his victims but argues that the evidence detailed by the trial court did not

---

[12] *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424 (3d Cir. 2013) (en banc).

[13] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002).

provide any direct link to suggest that he himself transferred recorded images to the laptop or the external hard drive.

Schaffer's argument that circumstantial evidence cannot prove his guilt is unpersuasive. The government can meet its burden of proof by presenting circumstantial evidence as long as inferences drawn from that evidence "bear a 'logical or convincing connection to established fact.'"[14] The government has done so here. Schaffer had exclusive control over the computer evidence. That computer evidence contained child pornography created by Schaffer. The jury could reasonably have inferred that Schaffer loaded the pornographic images of his victims onto his laptop and hard drive. We therefore reject Schaffer's claim.

III

For these reasons, we will affirm the judgment of the District Court.

---

[14] *Caraballo-Rodriguez*, 726 F.3d at 425 (quoting *United States v. Cartwright*, 359 F.3d 281, 291 (3d Cir. 2004)).